# Growler Copper Company, Appellant, *v.* Teti.

*Promissory notes—Delivery—Affidavit of defense.*

In an action on a promissory note, an affidavit of defense is sufficient which avers that defendant had delivered the note in suit to the treasurer of the plaintiff corporation to be delivered by him to a third person, who was to hold the note in escrow, until the defendant could verify certain representations made to him as to the condition of the plaintiff company; that the treasurer did not deliver the note to the third person, but delivered it to the plaintiff; that the defendant investigated the condition of the company, and after finding that the representations made to him were false, notified the plaintiff that he withdrew the note.

Argued Jan. 9, 1908. Appeal, No. 278, Jan. T., 1907, by plaintiff, from order of C. T. No. 2, Phila. Co., March T., 1907, No. 2,311, discharging rule for judgment for want of a sufficient affidavit of defense in case of The Growler Copper Company v. Hector Teti. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note.

The defendant filed a supplemental affidavit of defense which was as follows:

Hector Teti, being duly sworn according to law, deposes and says that, as a further and supplemental defense to the action brought by the Growler Copper Company, a corporation, in the above cause, that the defendant executed a certain promissory note which forms the subject of this suit, but that the said note was never delivered. In accordance with the verbal contract entered into at or about the time of the execution of

the said note between the defendant and Herbert Mosley, treasurer of the plaintiff company, on behalf of said company, said note was to be delivered to one R. C. Thomas and held by him in escrow until the maturity of the same; that by virtue of the express terms of the said agreement the defendant enjoyed the option until maturity of said note to investigate the financial condition of the plaintiff company, the value of the stock in question and the advisability of the purchase of same, and that, should any of the information given at the time aforesaid by the plaintiff to the defendant prove untrue, or should the defendant deem the stock to be of less value than the contract price, he could, during the said period, exercise the right to withdraw the note in question and to declare the contract void. The defendant ascertained during the said period that many of the representations made as aforesaid were false, one of which was that there was sufficient money in the treasury at said time to construct a smelter for the mine of a capacity of 100 tons a day, and that the mine was in a prosperous condition. The defendant found this to be false, and also ascertained that the said Mosley, contrary to his express promises and agreements under which the note was given, had failed to deliver the same to R. C. Thomas, but on the contrary had handed the said note over to the plaintiff, whereupon the defendant, prior to the maturity of said note, about February 8, 1907, exercised his option to withdraw the note and to declare the contract void and accordingly verbally advised the said R. C. Thomas to that effect. The defendant, at or about said time, also advised by letter the defendant company, through the said Mosley as treasurer, to the effect that he had concluded to withdraw the said note for destruction and to declare the contract void.

All of which the defendant avers to be true and expects to be able to prove upon the trial of the cause.

The court discharged rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Wayne P. Rambo,* with him *Ormond Rambo* and *Wm. Hepburn Russell,* for appellant.

*J. H. Brinton*, for appellee.

PER CURIAM, April 27, 1908:

The substance of the affidavit of defense is that the note in suit was never delivered, but was held with the stock in escrow. The facts, particulary as to the alleged misrepresentations, are not clearly or satisfactorily stated, but on the averment of nondelivery enough appears to show that the dispute should go to the jury.

Judgment affirmed.